## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **James Lauzier**<br>**222 Mimosa Lane**<br>**Hatboro, PA 19040** | : <br> : <br> : <br> : | **NO.**<br><br>2:26-cv-02752 |
| **Plaintiff**<br>**vs.** | : <br> : <br> : | |
| **State Farm Automobile Insurance Company**<br>**1 State Farm Plaza**<br>**Bloomington, IL 61710** | : <br> : <br> : <br> : | |
| **Defendant** | : | |

## COMPLAINT IN CIVIL ACTION

Plaintiff, James Lauzier brings this Complaint against Defendant State Farm Automobile Insurance Company, as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. Sections 1332, based on the diversity of citizenship of the parties.

2. Venue is appropriately laid in this Court pursuant to 28 U.S.C. Section 1391(b) because the Defendants' acts and omissions giving rise to these claims occurred in Montgomery County, which is within the Eastern District of Pennsylvania

### PARTIES

3. Plaintiff, James Lauzier, is an adult individual, currently residing in the Commonwealth of Pennsylvania at the above-captioned address.

4. Plaintiff is a resident of Pennsylvania.

5. Defendant, State Farm Automobile Insurance Company (hereinafter identified as "State Farm"), is an Illinois corporation, organized and existing under the laws of the State of Illinois, doing business in the Commonwealth of Pennsylvania, with a headquarters and principal place of business at 1 State Farm Plaza, Bloomington, IL, which is in the insurance business including marketing, soliciting, negotiating, selling, underwriting, and claims handling for individuals, including Plaintiff.

6. Defendant corporation is a resident of Illinois as it is both incorporated there and has its principal place of business there.

7. At all times material hereto, Defendant acted or failed to act, by and through their agents, servants, workmen and/or employees, including an injury claims specialist by the name of Jennifer Leonard, who were then acting within the scope of their authority and course of their employment with Defendant, in furtherance of Defendant's business and on behalf of Defendant.

8. On or about July 21, 2024, Plaintiff was covered by a Pennsylvania policy of motor vehicle insurance, which was issued by Defendant to James and Meredith Lauzier, and provided uninsured and underinsured motorist benefits.  See attached Declaration Page for Policy No. 510 1631-E02-38B attached as Exhibit "A".[1]

9. In exchange for the premium paid by the Plaintiff, Policy 510 1631-E02-38B provides underinsured motorists coverage in the amount of $100,000.00 to Plaintiff, which are stacked, and Plaintiff had three vehicles covered on the Policy making the total underinsured motorist coverage available $300,000.00.  See Exhibit A.

10. On July 21, 2024, at approximately 6:30 pm, Plaintiff, who was forty-seven years old at

---

[1] Plaintiff requested but has not received the full certified copy of the policy from Defendant State Farm.  As such, Plaintiff is unable to include a complete copy of the insurance contract with this Complaint.

the time, was lawfully operating his motor vehicle, a Honda Odyssey, westbound on Oak Hill Drive, Horsham, Montgomery County, PA.

11. At the same date and time, Alexandra L. Delvalle was operating a 2017 GMC Sierra truck attempting to make a right hand turn from Meetinghouse Lane onto Oak Hill Drive.

12. Ms. Delvalle, who was driving with a learner's permit, made an uncontrolled and negligent right hand turn from Meetinghouse Lane onto Oak Hill Drive, entered Plaintiff's lane of travel, and struck the Plaintiff's vehicle, essentially head on but for the quick evasive maneuver of Plaintiff.

13. As a result of the collision, Plaintiff was violently thrown about within his vehicle, causing him to sustain serious and permanent shoulder injuries.

14. The negligence and carelessness of Alexandra L. Delvalle, consisted of the following:

   (a)   operating the GMC Sierra truck at an excessive rate of speed;

   (b)   failing to have proper and adequate control of the GMC Sierra truck so as to avoid accidents;

   (c)   failing to warn of the approach of the GMC Sierra truck with due regard for the rights and safety of the plaintiff;

   (d)   failing to keep a proper lookout;

   (e)   failing to yield to oncoming traffic;

   (f)   failing to use due care under the circumstances;

   (g)   failing to stop; and

   (h)   failure to maneuver into a lawful lane of travel.

15. Plaintiff's airbags deployed because of the force of the impact.

16. The damage to the Plaintiff's van was so significant that it was towed from the scene and eventually totaled.

17. Photographs of the property damage were provided to Defendant State Farm.

18. A copy of the police report was provided to Defendant State Farm.

19. The carrier for Delvalle, Allstate, accepted liability for their insured and tendered the applicable $15,000.00 policy, with the consent of State Farm. A true and correct copy of the consent from State Farm dated January 31, 2025, is attached as Exhibit "B".

20. Immediately following the accident, Plaintiff had an abrasion on his dominant right arm for which some first aid was given on the scene, as well as neck and right shoulder pain and bruising on his chest and abdomen from the seatbelt.

21. After a few days when the pain did not subside, Plaintiff reported to his primary care physician who ordered tests and referred him to physical therapy.

22. The records from Plaintiff's primary care physician were provided to Defendant State Farm.

23. The xrays ordered by the primary care physician were negative, and Plaintiff began physical therapy at Ivy Hill Rehab on July 31, 2024.

24. For the last eighteen months, Plaintiff has received continuous physical therapy twice a week for his neck and right shoulder injuries with little to no improvement.

25. Before July 21, 2024, Plaintiff has not had prior neck or right shoulder complaints, treatments, MRIs, injections or surgeries.

26. Plaintiff's exercises at physical therapy include stretching, the use of bands, range of motion exercises, strength training, and yet there has been no consistent relief from the pain his injuries cause him.

27. Plaintiff's physical therapy records were provided to Defendant State Farm.

28. In pursuit of relief from his ongoing right shoulder pain, Plaintiff sought treatment from Rothman Orthopedics, who ordered an MRI of his right shoulder.

29. The MRI of the right shoulder demonstrated supraspinatus, infraspinatus tendinopathy/tendinosis without evidence of rotator cuff tearing, subacromial/subdeltoid bursitis, acromioclavicular osteoarthritis with a subacromial spur.

30. Plaintiff was diagnosed with subacromial impingement of his right shoulder and right rotator cuff tendinitis, both of which were described as having "posttraumatic exacerbation of symptoms".

31. The records from Rothman orthopedics were provided to Defendant State Farm.

32. As physical therapy alone was not alleviating the right shoulder complaint, Plaintiff was recommended and consented to injections in his right shoulder.

33. To date, Plaintiff has had two injections into his right shoulder, which have provided some, albeit temporary, relief from his shoulder discomfort.

34. The records from the injections Plaintiff endured were provided to Defendant State Farm.

35. On or about May 21, 2025, Defendant State Farm, in connection with the PIP benefits being provided, requested that Plaintiff attend a medical examination, which he did.

36. Following Defendant State Farm's medical examination, Plaintiff's complaints and treatment continued.

37. On December 15, 2025, the undersigned demanded tender of the Defendant State Farm UIM $300,000.00 policy within thirty days.  A copy of the demand/bad faith letter is

attached as Exhibit "C".

38. On January 2, 2026, Defendant State Farm extended a settlement offer of $20,000.00, despite having received all of the medical records, the police report, photographs of the totaled vehicle, and injections records.

39. Defendant State Farm's unreasonable $20,000.00 offer was rejected.

40. Defendant State Farm then demanded that Plaintiff submit to an Examination Under Oath, which Plaintiff willingly submitted to on March 6, 2026.[2]

41. During this questioning, Plaintiff explained his injury, treatment, ongoing issues, and plans for additional treatment, which may include arthroscopic surgery.

42. Following Plaintiff's Examination Under Oath, Defendant State Farm increased their prior $20,000.00 offer to $30,000.00.

43. Defendant State Farm's unreasonable $30,000.00 offer was rejected.

44. No additional offers have been forthcoming, despite Defendant State Farm's acknowledgment that the claim has more value than what is currently being offered, as evidenced by Defendant State Farm's request for mediation.

45. To have additional authority to offer on a UIM claim and to refuse to extend it to the covered insured is not acting in good faith.

46. There is no reasonable basis to refuse to extend benefits that Defendant State Farm believes Plaintiff is entitled to based on the severity of his injuries.

47. Defendant State Farm is required to provide Uninsured Motorist benefits to the Plaintiff under the Policy identified herein.

48. Despite his serious, ongoing, and permanent injuries, and without any reasonable basis,

---

[2] The Examination Under Oath was given in lieu of additional testimony being taken from Plaintiff during this litigation. As such, the EUO was extensive and lasted several hours.

Defendant State Farm has offered only $3o,000.00 to Plaintiff to settle his uninsured motorists claim, which Plaintiff rejected.

49. Plaintiff demanded tender of the uninsured policy limit, which is still going to be inadequate to fully and justly compensate Plaintiff for his injuries.

50. Most recently, Plaintiff's treating physician at Rothman has recommended surgical repair of his right shoulder as a result of the injuries he suffered in this crash.

51. Defendant State Farm has been provided with the Rothman records.

52. The trauma from this crash and the mental distress caused by these injuries, has been "demoralizing" as Plaintiff put it, he does not feel like he is getting better despite nearly two years of treatment, he has followed all recommendations from his providers, his dominant arm feels weak, he has to compensate with his left arm for daily chores, and he has a constant ache.

53. This 47 year old now avoids physically demanding activities or pays for them dearly the day after is he does push himself to accomplish them, he avoids recreational ball sports, like football, baseball and golf, he limits his yard work, and is in and out of physical therapy and ortho appointments several times a month.

54. As a further result of this accident, Plaintiff, James Lauzier, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

55. As a further result of this accident, Plaintiff, James Lauzier, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the

plaintiff's usual and customary activities prior to the accident.

56. As a further result of the accident aforementioned, Plaintiff, James Lauzier, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

## COUNT I – UIM BENEFITS

57. Plaintiff incorporates by reference all preceding paragraphs as though the same are set forth herein at length.

58. Plaintiff paid a premium for protection from underinsured tortfeasors.

59. Defendant has failed to provide the benefits that Plaintiff paid for and to which he is entitled given the severity and permanency of his injury.

60. As mentioned above, Plaintiff has provided the police report, photographs of the property damage, his primary care physician records, his orthopedist records, including a recommendation for surgery on his dominant arm, his physical therapy records, the records from his injections, his MRI results, attended a State Farm medical examination, given an Examination Under Oath, and sent signed medical authorizations to State Farm at their request so that they could obtain their own copies of records.

61. Plaintiff has complied with every request of Defendant State Farm.

62. Defendant State Farm is required to provide Uninsured Motorist benefits to the Plaintiff under the State Farm policy identified herein in exchange for the premiums Plaintiff paid.

63. Despite Plaintiff's serious, ongoing, and permanent injuries to his dominant right shoulder, and without any reasonable basis whatsoever, Defendant State Farm offered only $30,000.00 to Plaintiff to settle his uninsured motorists claim, which Plaintiff

rejected.

64. Plaintiff demanded tender of the uninsured policy limits, which is still going to be inadequate to fully and justly compensate Plaintiff for his injuries.

65. The deadline to tender the applicable UIM benefits per the bad faith demand letter has expired.

66. There is no reasonable basis to refuse to extend the benefits that Plaintiff is entitled to based on the severity of his injuries.

67. Defendant State Farm does not have a reasonable basis for refusing to tender the available and applicable UIM benefits given the extent of Plaintiff's injuries as set forth above.

68. Defendant State Farm's offers of settlement are not nearly sufficient to fully and fairly compensate Plaintiff for the damages he sustained in the crash, which he was in no way responsible for causing.

69. By refusing to compensate Plaintiff for his injuries in a fair and reasonable manner under the UIM provisions of the applicable policies, Defendant State Farm has breached its contract.

WHEREFORE, Plaintiff demands damages against Defendant State Farm in sum in excess of the arbitration limits, plus costs of suit, and demands a jury trial.

## COUNT II – BAD FAITH

70. Plaintiff incorporates all preceding paragraphs as though the same are set forth herein at length.

71. All settlement offers made by Defendant State Farm are unreasonably low for someone who suffered serious and permanent injury to his dominant arm.

72. Defendant State Farm is not acting in good faith toward its insured, Plaintiff, by refusing to tender the available limits on the UIM coverage, which would still be insufficient to compensate Plaintiff fully for his personal injuries from this crash.

73. Upon information and belief, Defendant State Farm has actively promoted and rewarded bad faith in its claims adjusting processes concerning the evaluation and settlement of underinsured motorist claims by adjusters such as Jennifer Leonard.

74. Defendant State Farm violated the provisions of 42 Pa.C.S.A. Section 8371 by:

   a.   failing to make reasonable settlement offers;

   b.   promoting, allowing and encouraging its adjusters, such as Jennifer Leonard, to handle and adjust claims in bad faith;

   c.   by promoting, encouraging, and instructing their adjusters, such as Jennifer Leonard, to act in such a way that promotes institutionalized bad faith in the handling and adjusting of claims;

   d.   failing to pay (or even offer) a fair and reasonable amount to Plaintiff, which is a denial of benefits under the State Farm policies;

   e.   lacking a reasonable basis to deny benefits to Plaintiff;

   f.   failing to evaluate Plaintiff's claim in an appropriate manner;

   g.   failing to fairly evaluate the UIM claims; and

   h.   breaching its duty of good faith due to a motive of self-interest.

75. Defendant State Farm failed to tender the underinsured motorist benefits without a reasonable basis.

76. Defendant State Farm refused to provide Plaintiff Underinsured Motorist benefits to which he is entitled.

77. As a direct and proximate result of the foregoing, Plaintiff suffered the following:

    a. Plaintiff has been deprived of the use of the funds owed to him by Defendant from the time they were due;

    b. Plaintiff was required to engage counsel and therefore pay legal fees to seek legal redress for the Defendant State Farm's failure to voluntarily pay the full and fair amount of his claims;

    c. Plaintiff will be required to retain expert witnesses to his great expense;

    d. Plaintiff will be required to expend other sums of money to prosecute his claims against Defendant State Farm; and

    e. The failure of Defendant State Farm to pay money rightfully owed to Plaintiff has resulted in severe economic harm and emotional distress to someone who is already suffering physically and emotionally from the crash that led to these claims.

78. The conduct of Defendant State Farm described herein constitutes willful and intentional outrageous conduct in wanton and reckless disregard to the rights of Plaintiff, and, therefore, an award of treble damages and/or punitive damages is justified.

**WHEREFORE**, Plaintiff demands an award of damages against Defendant State Farm in an amount in excess of the jurisdictional limit for arbitrations, plus interest, treble damages, costs of suit, attorney's fees, punitive damages, and such other relief as the Court may deem appropriate.

### COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

79. Plaintiff incorporates by reference the foregoing paragraphs as though same are set forth herein at length.

80. Defendant State Farm breached the contract's implied covenant of good faith and fair dealing in the following ways:

a. Defendant State Farm denied Plaintiff's claim for UIM benefits, without a reasonable basis for doing so;

b. Defendant State Farm allowed, encouraged, authorized, and promoted Jennifer Leonard's conduct in failing to extend additional settlement offers from the UIM benefits despite said additional authority having been approved;

c. Defendant State Farm knew or recklessly disregarded its (and Jennifer Leonard's) lack of reasonable basis in denying the UIM benefits;

d. Defendant State Farm's denial of the UIM benefits was reckless, unreasonable, and negligent;

e. Defendant State Farm failed to evaluate Plaintiff's claim in a reasonable and appropriate manner;

f. Defendant State Farm failed to fairly evaluate the claim;

g. Defendant State Farm breached its duty of good faith and fair dealing due to a motive of self interest; and

h. Defendant State Farm owed Plaintiff a fiduciary duty to act in a reasonable manner in processing his claim for UIM benefits, which it breached as described herein.

81. As a direct and proximate result of Defendant State Farm's breach of the contract's implied good faith and fair dealing, Plaintiff suffered those damages and injuries which are set forth above and are incorporated by reference.

**WHEREFORE**, Plaintiff demands an award of damages against Defendant State Farm in an amount in excess of the jurisdictional limit for arbitrations, plus interest, treble damages, costs of suit, attorney's fees, punitive damages, and such other relief as the Court may deem appropriate.

**<u>Jury Demand</u>**

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

Respectfully submitted,

*Leonard K. Hill*
Leonard K. Hill, Esquire
Attorney for Plaintiff
Bar No. 81849
**Hill & Associates, P.C.**
1700 Market Street, Suite 3150
Philadelphia, PA 19103
215-567-7600
leonard@hilljustice.com

Date: 4/27/26

# <u>Exhibit A</u>

State Farm Mutual Automobile Insurance Company

*PO Box 2358*
*Bloomington IL 61702-2358*



A-6378          A

LAUZIER, MEREDITH & JAMES
222 MIMOSA LN
HATBORO PA 19040-1914

## AUTO RENEWAL

**PREMIUM PAID: $2,115.51**

**DO NOT PAY.**
*Your premium is billed through the State Farm Payment Plan*

State Farm Payment Plan Number: 1302879813

**Your State Farm Agent**

NICK DEMAIO

Office: 215-258-0900

Address: 621 W MARKET ST
               PERKASIE, PA 18944-1420

*If you have a new or different car, have added any drivers, or have moved, please contact your agent.*

**Thank you for choosing State Farm.**

**Policy Number: 510 1631-E02-38B**
Policy Period: May 2, 2024 to November 2, 2024

**Vehicles:**

1   2016 HONDA ODYSSEY
2   2006 HONDA ACCORD
3   2016 ACURA MDX

**Principal Drivers:**

| Vehicle | Principal Driver |
|---------|------------------|
| 1 | JAMES  LAUZIER |
| 2 | MEREDITH  LAUZIER |
| 3 | MEREDITH  LAUZIER |

---

New coverage limits are available for Car Rental and Travel Expenses coverage, ask your agent for details.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to

*(continued on next page)*

Policy Number: 510 1631-E02-38B
Prepared March 11, 2024
1004583

Page number 1 of 8

143562  202  01-15-2018



# Drive Safe & Save™ puts you in the driver's seat of your discount.

Get a discount just for enrolling. From there, how you drive determines how much you save.

If you haven't already, download the app and enroll. Text **SAVEMORE** to **42407;** contact your agent, NICK DEMAIO, at 215-258-0900; or scan this QR code.



*Discounts may exceed 30% and vary state-to-state (NY capped at 30%). Not available in CA, MA, RI. A discount may not be available in NC depending on individual facts and circumstances. Setup required.*

TP41



process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

## VEHICLE INFORMATION

**Review your policy information carefully.** If anything is incorrect, or if there are any changes to your vehicle information, please let us know right away.

| Vehicle | Vehicle Description | Vehicle Identification Number (VIN) | Who principally drives this vehicle? | How is this vehicle normally used? |
|---|---|---|---|---|
| 1 | 2016 HONDA ODYSSEY *Original cost of customization none or up to $1,000.* | 5FNRL5H61GB118946 | JAMES LAUZIER, a married male, who will be age 47 as of May 02, 2024. | To Work, School or Pleasure. |
| 2 | 2006 HONDA ACCORD | 1HGCM56816A059820 | MEREDITH LAUZIER, a married female, who will be age 47 as of May 02, 2024. | To Work, School or Pleasure. |
| 3 | 2016 ACURA MDX | 5FRYD4H26GB032207 | MEREDITH LAUZIER, a married female, who will be age 47 as of May 02, 2024. | To Work, School or Pleasure. |

### Other Household Vehicle(s)
Your premium may be influenced by other State Farm policies that currently insure the following vehicle(s) in your household:

2000 FLEETWOOD COLEMAN DE

Vehicle 1 - With Drive Safe & Save™, mileage information and driving characteristics are used to determine your discount. Your calculated annual mileage is 18,500.

Vehicle 2 - With Drive Safe & Save™, mileage information and driving characteristics are used to determine your discount. Your calculated annual mileage is 7,761.

Vehicle(s) 3 - The premium for this renewal was determined using an annual mileage this vehicle is expected to be driven that was developed from information we obtained or was provided by you. The national average is more than 12,000 miles driven annually according to the U.S.

Department of Transportation. Please contact us if you expect your annual mileage to change over the next year.

**Premium Adjustment**
Each year, we review our medical payments and personal injury protection coverages claim experience to determine the vehicle safety discount that is applied to each make and model. In addition, we review the comprehensive, collision, bodily injury and property damage claim experience annually to determine which makes and models have earned decreases or increases from State Farm's standard rates. If any changes result from our reviews, adjustments are reflected in the rates shown on this renewal notice.

## DRIVER INFORMATION

### Assigned Driver(s)
The following driver(s) are assigned to the vehicle(s) on this policy.

| Vehicle | Name | Age *as of* May 2, 2024 | Gender | Marital Status | Good Student |
|---|---|---|---|---|---|
| 1 | JAMES LAUZIER | 47 | Male | Married | N/A |
| 2 | JADE LAUZIER | 19 | Female | Single | Current Student |
| 2 | MEREDITH LAUZIER | 47 | Female | Married | N/A |
| 2 | GWYNETH LAUZIER | 20 | Female | Single | Current Student |



**Principal Driver & Assigned Drivers**

For each automobile, the **Principal Driver** is the individual who most frequently drives it.

Each driver is designated as an **Assigned Driver** on the household automobile that they most frequently drive. Your premium may be influenced by the information shown for these drivers.

## IMPORTANT NOTICE REGARDING YOUR PREMIUM

State Farm works hard to offer you the best combination of price, service, and protection.  The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 12-month period, that your policy be re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

## COVERAGE AND LIMITS *See your policy for an explanation of these coverages.*

|    |    | Vehicle 1 | Vehicle 2 | Vehicle 3 |
|----|----|-----------|-----------|-----------|
| A | Liability Bodily Injury 100,000/300,000 | $168.02 | $277.96 | $251.22 |
|   | Property Damage  100,000 | Included | Included | Included |
| Q | Extraordinary Medical Payments 1,000,000 | $14.43 | $14.43 | $14.43 |
| C2 | Medical Payments 100,000 | $97.01 | $99.95 | $130.50 |
| D | 250 Deductible Comprehensive | $39.73 | $54.17 | $70.13 |
| G | 500 Deductible Collision | $122.38 | $185.66 | $185.45 |
| H | Emergency Road Service | $4.27 | $5.91 | $4.27 |
| R1 | Car Rental & Travel Expense 80%  Per Day, $1,000 Max | $24.23 | $23.41 | $24.23 |
| U | Uninsured Motorist Bodily Injury 100,000/300,000 | $15.08 | $15.08 | $15.08 |
| W | Underinsured Motorist Bodily Injury 100,000/300,000 | $86.16 | $86.16 | $86.16 |
| **Premium by Vehicle** | | **$571.31** | **$762.73** | **$781.47** |
| **Total Premium** | | | | **$2,115.51** |

**WARNING...  Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.**

**THIS POLICY PROVIDES FULL TORT OPTION.**

**The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase liability and first-party medical benefit coverages.  Any additional coverages or coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages. The premium for basic liability coverage of $15,000/30,000/5,000 is  $518.98 and medical payments coverage of $5,000 is   $80.85.**

If any coverage you carry is changed to give broader protection with no additional premium charge, we will give you the broader protection without issuing a new policy, starting on the date we adopt the broader protection.

**StateFarm®**

**DISCOUNTS** *These adjustments have already been applied to your premium.*

| | Vehicle 1 | Vehicle 2 | Vehicle 3 |
|---|---|---|---|
| Multiple Line | ✓ | ✓ | ✓ |
| Steer Clear® Safe Driver | | ✓ | |
| Multicar | ✓ | ✓ | ✓ |
| Good Student | | ✓ | |
| Antitheft | ✓ | ✓ | ✓ |
| Vehicle Safety | ✓ | ✓ | ✓ |
| Accident-Free | ✓ | ✓ | ✓ |
| Annual Mileage | | | ✓ |
| Drive Safe & Save™ | ✓ | ✓ | |
| **Discounts by Vehicle** | **$390.07** | **$907.34** | **$734.93** |
| **Total Discounts** | | | **$2,032.34** |

## SURCHARGES AND DISCOUNTS

**AUTOMOBILE RATING PLAN** - Applies to private passenger cars only.

**Accident-Free Discount** – Once your policy has been in force for at least three years with no chargeable accidents, you may qualify for our Accident-Free Discount. Once you qualify, this discount applies as long as there are no chargeable accidents, and may even increase over time.

**Good Driving Discount** - Newer policyholders who do not yet qualify for our Accident-Free Discount (available after three years with no chargeable accidents) may already be receiving a Good Driving Discount. This discount continues to apply until your policy qualifies for the Accident-Free Discount as long as there are no chargeable accidents and no new drivers. If you add new drivers, they must also qualify in order for your Good Driving Discount to continue.

**Chargeable Accidents** - For new business rating, an at-fault accident is chargeable if it resulted in death or bodily injury or damage to any property in which the insurer paid in total at least $2,100 ($1,900 or more if the accident occurred on or after July 1, 2022 and prior to July 1, 2023).

For renewal business, an at-fault accident is chargeable as of the date State Farm paid at least $2,100 or more ($1,900 or more for accidents occurring on or after July 1, 2022 and prior to July 1, 2023; $1,800 or more for accidents occurring on or after July 1, 2020 and prior to July 1, 2022; $1,700 or more for accidents occurring on or after July 1, 2017 and prior to July 1, 2020; $1,550 or more for accidents occurring on or after July 1, 2014 and prior to July 1, 2017; $1,450 or more for accidents occurring on or after July 1, 2011 and prior to July 1, 2014; $1,350 or more for accidents occurring on or after July 1, 2008 and prior to July 1, 2011; $1,150 or more for accidents occurring on or after July 1, 2005 and prior to July 1, 2008; $1,050 or more for accidents occurring on or after July 1, 2002 and prior to July 1, 2005; or $950 or more for accidents occuring on or after July 1, 1999 and prior to July 1, 2002) under property damage liability and collision coverages combined.

A multiple vehicle accident shall not be considered chargeable if State Farm is furnished sufficient evidence that the driver involved in the accident was less than 50% at fault.

**Surcharges** – Your accident record is a determining factor in the amount you pay for insurance on your private passenger car. Policyholders without accidents benefit from lower State Farm rates, while those with recent accidents pay more for car insurance. Surcharges for chargeable accidents are determined in accordance with the following:

*POLICIES WITH ACCIDENT FREE DISCOUNT*

If an automobile (or the automobile which it replaces) has been continuously insured with State Farm for at least three years without a chargeable accident during this period, you will receive a 15% Accident-Free Discount on the premiums for bodily injury and property damage liability, medical payments, funeral benefits, loss of income, combined benefits, and collision coverages.

This discount increases to 20% if the automobile (or the automobile which it replaces) has been in force for six years and to 25% if the automobile (or the automobile which it replaces) has been in force for ten years so long as there have been no chargeable accidents during these periods.

Policyholders with chargeable accidents may lose their accident-free discount and receive surcharges. If the accident is the first in nine years and your automobile (or the automobile which it replaces) has been continuously insured

*(continued on next page)*



with State Farm Mutual for at least nine years, the accident-free discount will continue and no surcharge will be applied.  A policy eligible for a 15% Accident Free Discount will be surcharged 5% for the first chargeable accident during the three year experience period.  If there is a second chargeable accident during the three-year experience period, all chargeable accidents will receive surcharges in accordance with the  POLICIES WITHOUT ACCIDENT FREE DISCOUNT  section below.

### POLICIES WITHOUT ACCIDENT FREE DISCOUNT

A 10% surcharge shall apply for the first chargeable accident if there are no other chargeable accidents during the preceding three years; an additional 30% if there is one other chargeable accident during the preceding three years; and an additional 50% for each subsequent accident within a three-year period. The surcharge applicable during a policy period is the total of the separate charges for the individual accidents which became chargeable during the 34-month period ending two months prior to the beginning of that policy period. The amount (%) of surcharge moves up or down on the basis of additional chargeable accidents or periods of accident-free driving.

Each surcharge remains in effect until the renewal policy period is more than 3 years after the accident became chargeable, after which time it is dropped.

Surcharges will be removed if satisfactory evidence is furnished that the driver involved is no longer a member of your household or will not be driving your car in the future. If that driver is insured on another State Farm policy, the accident will be considered in the rating of that policy.

These surcharges apply to the premiums for bodily injury and property damage liability, medical payments, funeral benefits, loss of income, combined benefits, and collision coverages.

For complete details of these programs, please see your State Farm agent.

Surcharges will be removed if the company is given satisfactory evidence that the driver involved is no longer a member of the household or will not be driving the car in the future. If that driver is insured on another State Farm policy, his or her driving record will be considered in the rating of the other policy.

These discounts and surcharges do not apply to all coverages. For complete details, see your State Farm agent.

Vehicle(s) 1 - Take control of your Drive Safe & Save™ discount. An odometer reading was not received for this renewal. Check with your agent to see how to make the most of your discount opportunity.

Based on your driving record, you have our Accident-Free Discount for preferred customers.

### ADDITIONAL INFORMATION

If any information on this renewal notice is incomplete or inaccurate, or if you want to confirm the information we have in our records, please contact your agent. For additional information regarding discounts or coverages, see your State Farm agent or visit statefarm.com®.

### Important reminder regarding your Student Away at School Discount

This is a reminder that you're currently receiving a Student Away at School Discount based on the following criteria:

- An assigned driver of a vehicle on your policy is a student who resides at school more than 100 miles from home, and
- The student only drives the car while home during school vacation or holiday periods, and
- The car remains at home while the student is away at school.

Please contact your agent if the driver no longer meets this criteria.

### Buying a new car? Remember to contact your agent!

When you buy an additional car or one that replaces a car already on your policy, you need to report the change to your agent **promptly.** Even though the dealership you purchased the car from may offer to notify your agent or insurance company, you, as the named insured, are responsible for reporting all changes to your auto policy. By contacting your agent, you can help:

- avoid any complications or lack of coverage in the event of an accident or loss,
- avoid insurance verification problems with a lienholder, the police, or the department of motor vehicles, and
- ensure that you receive any new discounts you may be entitled to.

*(continued on next page)*



Your current State Farm policy automatically provides certain coverages for a new or replacement car for up to a specified, limited number of days after you take possession of the car. Please refer to your policy for the number of days that applies in your state.

If you have any questions about coverage for a newly acquired car, please contact your State Farm agent.

*Disclaimer: This message is provided for informational purposes only and does not grant any insurance coverage. The terms and conditions of coverage are set forth in your State Farm Car Policy booklet, the most recently issued Declarations Page, and any applicable endorsements.*



# Important Notice
## About Your Auto Insurance

Pennsylvania law requires us to provide you with the following notice concerning tort insurance and an explanation of available discounts which may help lower your auto insurance rates.

### TORT INSURANCE OPTIONS

The laws of the commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

1.  "Limited Tort" Option — This form of insurance limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers.  Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury," as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

2.  "Full Tort" Option — This form of insurance allows you to maintain an unrestricted right for yourself and other members of your household to seek financial compensation for injuries caused by other drivers.  Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering or other nonmonetary damages as a result of injuries caused by other drivers.

If you wish to change the tort option that currently applies to your policy, please contact your State Farm® agent.

*(continued inside)*

**3/13 (C)**                                   **153-1328 PA.4**

---

*DISCLAIMER:  This brochure provides only a general summary of changes to your State Farm car insurance policy and does not grant any insurance coverage.  The terms and conditions of coverage are set forth in your State Farm Car Policy Booklet, the most recently issued Declarations Page, and any applicable endorsements.*

**Like a good neighbor, State Farm is there.**®

State Farm Mutual Automobile Insurance Company
State Farm Fire and Casualty Company
Bloomington, IL

**3/13 (C)**                                   **153-1328 PA.4**

## PREMIUM DISCOUNTS

Described below are just a few of the discounts State Farm offers:

**Drive Safe & Save™ Program Discount**

You can receive a discount on your premium by participating in the Drive Safe & Save Program. The Drive Safe & Save Program Discount recognizes how much and, in some cases, how safely the vehicle is driven. There are several ways you can participate depending on the vehicle you drive. You will receive an initial participation discount just for enrolling. At each six-month renewal, the discount will be adjusted based on information collected from your car. Contact your State Farm agent or visit statefarm.com/drivesafeandsave for details.

**Vehicle Safety Discount**

This discount can lower the premiums for the following coverages for many 1994 and newer cars, vans, SUVs and pick-up trucks:

Medical Payments
Funeral Benefits
Loss of Income
Combined Benefits
Extraordinary Medical Payments
Death, Dismemberment and Loss of Sight

These premiums are reduced 10, 20, 30 or 40 percent, depending on the claims record for the make and model of vehicle. Each make and model's claim record for the seven prior model years is reviewed annually and the discount percentage adjusted accordingly.

**Passive Restraint Discount**

A premium discount of 15 percent or more is available for 1993 and older private passenger vehicles equipped with factory installed passive restraint systems for front seat passengers. This discount applies to Medical Payments, Funeral Benefits, Loss of Income, Death, Dismemberment and Loss of Sight, Combined Benefits, and Extraordinary Medical Payments Coverages.

Most passive restraint systems, such as automatic seat belts and air bags, were installed as optional or standard equipment beginning with several 1987 and 1988 model year cars. Some earlier model cars also have them. Automatic seat belts are safety belts which automatically move into the restraining position when you enter the car. Air bags are devices which automatically inflate very rapidly when a vehicle crashes.

**Anti-Theft Discount**

You can receive a premium discount of 10 percent on your Comprehensive Coverage if your vehicle is equipped with an anti-theft device which makes the fuel, ignition or starting systems inoperative. To qualify the device must activate automatically when you turn the ignition key to the off position.

**Driver Improvement Course Discount**

You may be eligible for a 5 percent discount on your premium if the principal driver is at least 55 years old and has voluntarily completed, within the past three years, a motor vehicle driver improvement course approved by the Department of Transportation. This discount can apply for up to three years, at the end of which time an approved course must be successfully repeated.

If the driver is the principal driver of two or more qualifying vehicles, the discount will apply to all such vehicles.

The vehicle to which the discount applies must be classified and rated as a private passenger vehicle or be a commercially rated farm vehicle weighing less than 9,000 pounds.

If you are currently receiving any of these discounts, they are listed on your renewal notice. If you feel you qualify for any of the above discounts, would like information about other discounts, or have a question about any of the information contained in this insert, please contact your State Farm agent.

# **Exhibit B**

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL.*

 **State Farm®**

January 31, 2025

Hill & Associates P C
1700 Market St Ste 3150
Phila PA  19103-3937

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

.

RE:  Claim Number:       38-71G4-35R
     Date of Loss:        July 21, 2024
     Our Insured:         James Lauzier
     Your Client:         James Lauzier
     Your File No:        n/a

To Whom It May Concern:

State Farm hereby grants permission for you to accept the primary tortfeasor's offer of $15,000 and agree to waive our underinsured motorist subrogation.

Upon settlement, please forward a copy of their payment and the executed release.

Sincerely,

Jennifer Leonard
Claim Specialist
610-358-8419

State Farm Mutual Automobile Insurance Company

# Exhibit C

# Hill
**& ASSOCIATES, P.C.**

1700 Market St., Suite 3150
Philadelphia, PA 19103
+ 1 215 567 7600  Main
+ 1 215 525 4453  Fax

Email: susan@hilljustice.com
Facsimile: (215) 525-4311

December 15, 2025

**VIA EMAIL**

Jennifer Leonard
State Farm

     **Re:**    **Claim No. 38-71G4-35R**
              **Date of Loss: July 21, 2024**

Dear Ms. Lawrence:

With regard to the above referenced matter, we understand that the available underinsured coverage for Mr. Lauzier is $300,000.00, i.e. $100,000.00 stacked per vehicle with three vehicles on this policy. If we are mistaken, please advise and provide written confirmation of same vis a vis a signed waiver of stacking.

As you may recall, Mr. Lauzier was the victim of a motor vehicle accident on July 21, 2024, when another unlicensed, driver crashed into him in a head-on collision totaling his vehicle. It was a terrifying crash.  The other vehicle's carrier, Allstate, accepted 100% fault for the crash and tendered their $15,000.00 policy, with State Farm's consent.

Unfortunately, among other things, Mr. Lauzier's right shoulder injury has continued to plague him, nearly 18 months later.  While the MRI of August 20, 2025, was negative for the suspected tear, it did confirm bursitis, tendinopathy, and fluid collection. He continues to participate in physical therapy, has undergone one cortisone injection, and is scheduled for a second injection this month, which may allow him to do more strengthening of his shoulder.

At this point, even though treatment is ongoing, the injury/aggravation from this crash clearly exceeds the underinsured benefit available under the applicable policy.  As such, we hereby demand tender of same.  There is no reasonable basis for State Farm to refuse to tender.

This demand for the policy will remain in effect for thirty (30) days from the date of this letter.  At that point, if not accepted by State Farm, the demand will automatically expire and we will file a lawsuit seeking, among tother things, damages for bad faith.

              Very Truly Yours,
              **HILL & ASSOCIATES, P.C.**

              */s/Susan B. Ayres*
              Susan B. Ayres, Esquire