**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES LAUZIER,**<br>Plaintiff,<br>***v.***<br>**STATE FARM AUTOMOBILE INSURANCE COMPANY,**<br>Defendant. | **CIVIL ACTION**<br>**No. 26-2752-KSM** |

**MEMORANDUM**

**MARSTON, J.** **July 27, 2026**

Plaintiff James Lauzier bring claims for breach of contract, bad faith, and breach of implied covenant of good faith and fair dealing against Defendant State Farm Automobile Insurance Company ("State Farm") for failing to pay benefits allegedly due to Plaintiff under their underinsured motorist ("UIM") insurance coverage after Mr. Lauzier was injured in a car accident. (*See* Doc. No. 1.) Defendant moves to dismiss Counts II and III of the Complaint, which assert claims for statutory bad faith and breach of the implied covenant of good faith and fair dealing. (Doc. No. 10). For the reasons that follow, the Court grants the motion and will dismiss Count II without prejudice and Count III with prejudice.

## I. BACKGROUND

On July 21, 2024, Plaintiff James Lauzier was involved in a vehicle collision caused by a negligent driver. (Doc. No. 1.) The force of the impact caused the car's airbags to deploy and, after being towed from the scene, Mr. Lauzier's vehicle was deemed totaled. (*Id.* at ¶¶ 13–16.) Mr. Lauzier was treated on scene for abrasions on his dominant right arm, as well as neck and shoulder pain and bruising on his chest and abdomen. (*Id.* at ¶ 20.) The pain Mr. Lauzier

suffered as a result of the crash was persistent. (*Id.* at ¶ 24). An MRI of Mr. Lauzier's right shoulder showed no evidence of suspected rotator cuff tearing, and he was ultimately diagnosed with subacromial impingement of his right shoulder and right rotator cuff tendinitis. (*Id.* at ¶¶ 29–30). He attended physical therapy twice a week on his neck and shoulder, but he saw little to no improvement. (*Id.* at ¶¶ 21–24). He also received two injections in his shoulder, but they provided only temporary relief. (*Id.* at ¶ 33).

At the time of the collision, Mr. Lauzier was insured by a policy underwritten by Defendant State Farm Automobile Insurance Company that provided uninsured and underinsured motorist benefits in the amount of $100,000, which, when stacked (to include Plaintiff's three vehicles), totaled $300,000. (*Id.* at ¶ 9). Mr. Lauzier provided State Farm with copies of his medical records. (*Id.* at ¶¶ 30–33). And on May 21, 2025, at State Farm's request, Mr. Lauzier attended an additional medical examination. (*Id.* at ¶ 35).

On December 15, 2025, Mr. Lauzier demanded tender of the UIM coverage totaling $300,000. (*Id.* at ¶ 37). State Farm instead extended a settlement offer of $20,000, which Mr. Lauzier rejected, believing it was unreasonable. (*Id.* at ¶¶ 38–39.) Notably, Mr. Lauzier alleges that as a result of the persistent pain in his shoulder, he avoids physically demanding activities or "pays for them dearly" and is in and out of physical therapy and orthopedic appointments several times a month. (*Id.* at ¶ 53.) The medical treatments are unremitting, and Mr. Lauzier believes he will continue to incur various medical expenses. (*Id.* at ¶¶ 53–55.) A few months after his rejection of State Farm's initial settlement offer, Mr. Lauzier submitted to examination under oath at State Farm's request. (*Id.* at ¶ 41.) Following the examination, State Farm increased its settlement offer to $30,000, which was again rejected. (*Id.* at ¶¶ 42–43.)

On April 27, 2026, Mr. Lauzier filed this case, asserting three counts against State Farm. *First*, he claims breach of contract for State Farm's alleged failure to compensate him in a fair and reasonable manner under the UIM policy (Count I). (*Id*. at ¶¶ 57–69.) *Second*, he claims violations of Pennsylvania's bad faith statute, 42 Pa. Stat. & Cons. Stat. § 8371, arguing that State Farm acted in bad faith by failing to make a reasonable settlement offer, unreasonably denying benefits, and more generally, encouraging adjusters, like Jennifer Leonard who covered his case, to adjust claims in bad faith (Count II). (*Id*. at ¶¶ 70–78.) *Third*, Mr. Lauzier alleges that State Farm has breached the implied covenant of good faith and fair dealing by failing to fairly evaluate the claim (Count III). (*Id*. at ¶¶ 79–81.) State Farm now moves to dismiss Counts II and III. (Doc. No. 10.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a plaintiff does not need to include "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

In ruling on a motion to dismiss, the court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from those allegations. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "As a general matter," the court "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*,

114 F.3d 1410, 1426 (3d Cir. 1997). "However an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (quotation marks omitted and alterations accepted).

## III. DISCUSSION

Defendant State Farm moves to dismiss plaintiff's claims of statutory bad faith and breach of the implied covenant of good faith and fair dealing. (Doc. No. 10.) The Court addresses each Count in turn.

### A. Count II: Statutory Bad Faith

First, State Farm moves to dismiss Count II, arguing that Mr. Lauzier has done little more than "allege[ ] a litany of conclusory, boilerplate, general allegations in support of his bad faith claim" and that his disagreement with State Farm's valuation of his claim is not enough to suggest liability under the statute. (Doc. No. 10 at 4–5.) The Court agrees.

Pennsylvania's bad faith statute, 42 Pa. Stat. & Cons. Stat. § 8371, allows the court to award interest, punitive damages, court costs, and attorney's fees if it "finds that [an] insurer has acted in bad faith toward [an] insured." To state a claim for bad faith, the plaintiff must allege facts tending to show: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)); *see also Polselli v. Nationwide Mutual Fire Ins. Co.*, 23 F.3d 747, 751 (3d. Cir. 1994) ("'Bad faith' on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy . . . such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through

some motive of self interest or ill will; mere negligence or bad judgment is not bad faith." (quoting Black's Law Dictionary 139 (6th ed. 1990))).

"Bad faith claims are fact specific and turn on the specific conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). As such, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id*. (citations omitted). "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Id*. (citations omitted). Courts in this Circuit regularly dismiss bad faith claims when the complaint is devoid of specific factual allegations of bad faith conduct and is merely comprised of bare-bones, conclusory allegations. *See Yohn v. Nationwide Insurance Co.*, No. 1:13-CV-024, 2013 WL 2470963, at *5 (M.D. Pa. June 7, 2013) (dismissing bad faith claim where the complaint "consist[ed] mostly of conclusory statements that are not supported by factual allegations"); *see also, e.g.*, *Shallow*, 2020 WL 1508376, at *2 (collecting cases); *Myers v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 17-3509, 2017 WL 3891968, at *3 (E.D. Pa. Sept. 6, 2017) (collecting cases).

Here, nearly all of Mr. Lauzier's allegations are conclusory statements that do not support a claim for statutory bad faith. Specifically, Mr. Lauzier claims that State Farm acted in bad faith by:

- failing to make reasonable settlement offers;
- promoting, allowing and encouraging its adjusters, such as Jennifer Leonard, to handle and adjust claims in bad faith;
- [ ] promoting, encouraging, and instructing their adjusters, such as Jennifer Leonard, to act in such a way that promotes institutionalized bad faith in the handling and adjusting of claims;
- failing to pay (or even offer) a fair and reasonable amount to Plaintiff, which is a denial of benefits under the State Farm policies;

- lacking a reasonable basis to deny benefits to Plaintiff;
- failing to evaluate Plaintiff's claim in an appropriate manner;
- failing to fairly evaluate the UIM claims; and
- breaching its duty of good faith due to a motive of self-interest.

(Doc. No. 1 at ¶ 74.) Almost all of these statements are conclusory and insufficient.

Notably, Lauzier has not provided any facts to explain *why* State Farm's settlement offers were "unreasonable" or *how* State Farm failed to "fairly evaluate the UIM claims." *See Pfister v. State Farm Fire & Cas. Co.*, No.11cv0799, 2011 WL 3651349, at *2 (W.D. Pa. Aug. 18, 2011) ("Plaintiffs claim that Defendant failed to explain its reason for denying part of their claim . . . . [Although] an insurer's failure to communicate with an insured can constitute bad faith . . . [h]ere, however, Plaintiffs do not outline their efforts to seek explanation from State Farm. They have thus failed to assert 'what, where, when, and how the alleged bad faith conduct occurred.'"); *cf. Kirschner v. State Farm Fire & Cas. Co.*, No. 23cv993, 2023 WL 7167568, at *7 (E.D. Pa. Oct. 31, 2023) (denying motion to dismiss bad faith claim because the plaintiff included multiple allegations in the complaint providing a "specific explanation of how Defendant failed to properly investigate the claim and describ[ing] specific communications from Defendant").

Lauzier does not, for example, allege facts to suggest that State Farm failed to perform any investigation into his situation. To the contrary, the factual allegations in the Complaint suggest that State Farm considered Lauzier's medical records, had him sit for an additional medical examination, and took his testimony under oath before extending the final settlement offer of $30,000. (*See* Doc. No. 1 at ¶¶ 30–35, 38–39, 41–43.) Lauzier also does not allege facts that suggest the $30,000 settlement offer was an unreasonable—and more importantly, a *reckless*—underappreciation of his claim. And it is not enough for Lauzier to simply state that

$30,000 is unreasonable or that $300,000 is the more appropriate valuation. *See Smith v. State Farm Mut. Auto. Ins. Co.*, No. 12cv1681, 2012 WL 5910532 at *2 (3d Cir. Nov. 27, 2012) ("Bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." (quoting *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009))).

Lauzier argues that the Complaint "is factually detailed regarding the underlying accident that caused his injuries, the force of that impact, the absence of any prior injuries, the diagnosis and medical treatment of those injuries, the additional medical treatment needed, as well as the wealth of information and records made available to the Defendant before it made its decision to deny the tender of the UIM limits without any reasonable basis whatsoever." (Doc. No. 13 at 17.) But that misses the mark. No one is denying that Lauzier has alleged that he is only 47 years old, that he had no prior injuries, that his shoulder was injured in the accident, and that his pain is ongoing. But Lauzier has not explained *why* those facts render the $30,000 ($45,000 when the settlement with the tortfeasor is factored in) an unreasonable valuation of those injuries. Instead, the Complaint assumes that these facts mean the only reasonable valuation is the policy limit. That conclusory assumption is not enough. *See Meyers v. Protective Ins. Co.*, No. 16cv1821, 2017 WL 386644, at *8 (M.D. Pa. Jan. 27, 2017) ("Plaintiffs' assertion of a verdict potential is an *opinion* as to the value of their claim, not an objective measure of it, and because such an assertion is nothing more than a legal conclusion, it must be disregarded.").

Because Lauzier has not alleged facts to support his statutory bad faith claim, Count II is dismissed. However, because this issue may be cured through more articulate pleading, this dismissal is without prejudice.

### B. Count III: Breach of Implied Covenant of Good Faith and Fair Dealing

Next, State Farm moves to dismiss Count III, arguing that his claim for breach of the implied covenant of good faith and fair dealing is subsumed by his claim for breach of contract in Count I. The Court agrees. "The weight of authority indicates that the implied covenant of good faith and fair dealing inherent in every contract does not give rise to an independent cause of action where a breach of contract count has been lodged." *Koerner v. GEICO Cas. Co.*, No. 17cv455, 2017 WL 2588598, at *4 (M.D. Pa. June 14, 2017); *see, e.g.*, *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) ("Lower federal and state courts have ruled that because the common law claim sounds in contract, it cannot be brought independently from a breach of contract claim . . . . Rather it is subsumed by the breach of contract claim."); *Atain Ins. Co. v. Basement Waterproofing Specialists, Inc.*, No. 20cv5440, 2021 WL 5139903, at *8 n.4 (E.D. Pa. Nov. 3, 2021) ("Under Pennsylvania law, breach of the implied covenant of good faith and fair dealing is not an independent cause of action from breach of contract.").

Given this case law, Lauzier has "agree[d] to dismissal of Count III as being subsumed and preserved in/by the allegations of Count I." (Doc. No. 13 at 18.) Accordingly, Count III is also dismissed, and because Lauzier cannot state a standalone claim for breach of the implied covenant of good faith and fair dealing in this instance, dismissal is with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Counts II and III. Dismissal of Count II is without prejudice and with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Counsel is advised that any amended complaint shall be consistent with this Memorandum and "must specifically include facts to address who, what, where, when, and how the alleged bad faith conduct occurred." *Shetayh v. State Farm Fire & Cas. Co.*, No. 5:20-CV-00693, 2020 WL 1074709, at

*3 (E.D. Pa. Mar. 6, 2020) (internal quotation marks and citations omitted). Count III is dismissed with prejudice. An appropriate order follows.